## No. 8894.

### THE STATE OF LOUISIANA VS. RICK MURPHY.

In an information for an assault with a dangerous weapon with intent to murder, the words "make an assault," are not sacramental. The word "commit" may be used instead of "make," where the facts are averred that make up the offense charged. The word "commit," in such connection, does not merely declare a conclusion or opinion.

Where the charge of the assault is followed by the words, "with intent *in so doing*, feloniously, wilfully and of his malice aforethought, to kill and murder," the words "in so doing," supply the place of "then and there," as they sufficiently show that the intent charged accompanied the assault.

APPEAL from the Criminal District Court for the Parish of Orleans. Luzenberg, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*W. L. Evans* for Defendant and Appellant:

1. An allegation that defendant did commit an assault, etc., is an allegation of a conclusion of law. State vs. Murray et al., 41 Iowa, p. 581; 1 Bish. Cr. Pro., 3d ed., Sec 331.

2. "It is not enough to state a mere conclusion of law." Wh. Pre. of Ind. and Pleas, 4th ed., p. 23; U. S. vs. Cruikshank, 92 U. S. 554; State vs. Ricord, 56 Ind. 107; 1 Roll. R. 79; 2 Hawk, c. 25, S. 59.

3 "Time and place must be attached to every material fact averred." 1 Whe. Pre. of Ind. and Pleas, 4th ed. p. 13; R. vs. Holland, 5 T. R. 607; R. vs. Haynes, 4 M. and S.; State vs. Baker. 4 Reding, 52; 39 Me. 337; 6 Park C. R. 363; 19 Ala.526; 14 Mo.398; 26 Tex. 119; 30 Tex. 354; 5 Cal., 355; 8 La. R. 591.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of an assault with a dangerous weapon upon one John Sullivan, with intent to commit murder, and was sentenced to one year's imprisonment at hard labor in the penitentiary, and has appealed.

His counsel moved an arrest of judgment upon the following grounds, (quoting) :

1. "That the information fails to charge that the defendant *did make* a felonious assault upon John Sullivan."

2. "The information fails to charge that the defendant *then and there* entertained a felonious intent to murder."

The injunction charges as follows :

"That one Rick Murphy, late of the Parish of Orleans, on the twelfth day of February, in the year of our Lord one thousand eight hundred and eighty-three, with force and arms in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans, feloniously did, with a certain dangerous weapon, to-wit: a pistol, commit an assault upon one John Sullivan, with the

intent in so doing, feloniously, wilfully and of his malice aforethought, to kill and murder him, the said John Sullivan, contrary," etc.

*First.* It would, doubtless, have been more artistic and formal to have used the word "make," instead of "commit," so that the information should read, "make an assault," instead of "commit an assault." And it is, doubtless, true, as a general rule, that an indictment or information that charges, generally, that an accused committed such or such a crime, as larceny, or burglary, or an assault with intent to murder, without any specification of the facts that go to make up the offense, but simply embodying or setting forth an opinion or conclusion touching its commission, would be fatally defective; and to that extent the authorities cited by the defendant's counsel go, but no farther.

Here, the time, the place, the dangerous weapon, the assault, the intent, are all specifically averred, and the word "commit" is simply substituted for "make." This substitution could not and did not cause the least doubt or obscurity in the charge that the defendant was called on to answer. As there used and in the connection used, it implied not a simple deduction or opinion of an offense committed, but contained a distinct averment of an act done, constituting, with the other incidents recited, the crime for which the accused was tried.

In common parlance, the words commit an assault convey as clear a meaning as "make an assault." In ordinary acceptation, and in the connection shown, the words would be held as synonymous, and not without authority, since one of the definitions of the word "commit," and its most usual meaning is, to "perpetrate or enact." . Worcester, *verbo* commit.

The objection on this point is purely technical and without force.

*Second.* The words "*then and there,*" in connection with the intent charged, are substantially supplied or covered by the words "in so doing." The meaning then becomes clear, that in charging the accused with assaulting John Sullivan, the information charges substantially also, that " in so doing," or in thus assaulting, that it was with the intent "then and there to kill and murder," etc.

In other words, no one, on reading this clause in the information, could entertain the slightest doubt that the intent to murder was charged as accompanying the assault.

The sole complaint of the defendant is, that these grounds for the arrest of the judgment were improperly overruled by the trial Judge. Upon this alone he bases his appeal.

Finding no error in this ruling, the judgment and sentence appealed from are affirmed with costs.